**Thomas H. RUDWALL, Plaintiff— Appellant,**

v.

**BLACKROCK, INC., Defendant— Appellee.**

**No. 06–17372.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 14, 2008.*

Filed Aug. 18, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Karl Olson, Esq., Amy G. Chen, Levy, Ram & Olson LLP, San Francisco, CA, for Plaintiff–Appellant.

James A. Goodman, Jenny Susan Graham, Esq., Epstein, Becker & Green, Los Angeles, CA, for Defendant–Appellee.

Before: SILER \*\*, McKEOWN and CALLAHAN, Circuit Judges.

### MEMORANDUM \*\*\*

Thomas Rudwall sued his employer, BlackRock, Inc., for libel and intentional and negligent infliction of emotional distress. The district court granted Black-Rock's motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure and dismissed Rudwall's claims with prejudice. We review de novo a dismissal under Rule 12(c). *Turner v. Cook,* 362 F.3d 1219, 1225 (9th Cir.2004). We affirm the district court's dismissal.

■ BlackRock made the allegedly libelous statements in Rudwall's 2005 performance review. These statements are protected by California's common interest privilege. *See* Cal. Civ.Code § 47(c). There is no case law or statutory basis for Rudwall's contention that the 1994 amendment limited the common interest privilege to responses to inquiries by prospective employers.

Statements in a performance review are actionable if they are made with malice. *Id.* However, Rudwall's allegations that the performance review was motivated by ill-will are conclusory. In addition, the two-year time lapse between when he was asked to sign the non-competition agreement and the performance review fails to support an inference that the performance review was retaliatory. *Cf. Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1065 (9th Cir.2002) (stating that to show

\*\* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

retaliation in a Title VII case the adverse employment event must happen " 'fairly soon' " after the protected act) (quoting *Paluck v. Gooding Rubber Co.*, 221 F.3d 1003, 1009–10 (7th Cir.2000)).

■ The district court did not abuse its discretion in denying Rudwall leave to amend his complaint. *See Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir.2008) (applying an abuse of discretion standard to the denial of leave to amend on the ground of futility). In California, a statement is actionable only if it "falsely accuses an employee of criminal conduct, lack of integrity, dishonesty, incompetence or reprehensible personal characteristics or behavior." *Jensen v. Hewlett–Packard Co.*, 14 Cal. App.4th 958, 965, 18 Cal.Rptr.2d 83 (1993). The statements in Rudwall's performance evaluation fail to meet this standard. At most, the statements accuse Rudwall of exaggerating his role in various business matters. Rudwall's emotional distress claims are based on the same facts as his libel claim. Under California law, "[w]hen claims for invasion of privacy and emotional distress are based on the same factual allegations as those of a simultaneous libel claim, they are superfluous and must be dismissed." *Couch v. San Juan Unified Sch. Dist.*, 33 Cal.App.4th 1491, 1504, 39 Cal.Rptr.2d 848 (1995). The district court properly dismissed the emotional distress claims with prejudice.

**AFFIRMED.**